OPINION. Murdoch, Juáge: The petitioner spent about $49,000 in 1950 on the property at 621 St. Peter Street which he had then recently acquired. He concedes that $17,307.59 of the total represented capital expenditures but contends that the balance of $31,512.36 is deductible under section 23 (a) (1) (A) of the Internal Revenue Code as the cost of repairs. He argues that the refusal of the Yieux Carré Commission to grant him permission to demolish the building in accordance with the recommendation of his architects left him with no alternative but to proceed with a repair program, regardless of the cost, and the sum of $31,512.36 was spent for items of repair which served only to put the building in good condition without structural changes inside or out, lengthening its useful life, or increasing its value. Section 23 (a) (1) (A) allows “all the ordinary and necessary expenses paid * * * during the taxable year in carrying on any * * * business” to be deducted from income of that year. Regulations 111, section 29.23 (a)-4 states that “The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, * * The expenditures involved herein were not made for “incidental repairs” but were part of an overall plan for the general rehabilitation, restoration, and improvement of an old building which had lost its commercial usefulness due to extreme deterioration. The building had passed beyond “an ordinarily efficient operating condition,” and expenditures were to restore it to, rather than to “keep it in,” operating condition. The useful life of the building had ended and its value had almost disappeared when the process of restoration started. The expenditures materially added to its value and gave the building a new useful life as a rental property. The petitioner contends, as his witness testified, that the property was worth $30,000 after completion of the work. The purpose and effect of the expenditures amounting to $31,512.36 were not ordinary maintenance expenses and cannot be separated from the general plan and purpose. They probably contributed as much as, or more than, the conceded capital expenditures to the increased value and new useful life of the building. None of the expenditures in question represented ordinary and necessary expenses of petitioner’s business of renting the property at 621 St. Peter Street, but all should be capitalized and recovered during the new useful life of the building through deductions for depreciation, which will offset the rental income made possible by the restoration. This case is not distinguishable in principle from I. M. Cowell, 18 B. T. A. 997; Home News Publishing Co., 18 B. T. A. 1008; California Casket Co., 19 T. C. 32. Cf. Ethyl M. Cox, 17 T. C. 1287; Illinois Merchants Trust Co., Executors, 4 B. T. A. 103. A taxpayer, even another Vieux Carre property owner, who, unlike this petitioner, did not have a large amount of net income from other sources would not want to deduct the amount in question in one year but would see the wisdom of the rule herein applied, which spreads the cost of the restoration over the remaining useful life of the restored building as an offset against rental income from the property. The fact that the petitioner may have been compelled by local law to make an economically unsound investment in the restoration of this building affords no basis for deducting capital expenditures as repair expenses. Cases cited by the petitioner, in support of his argument “that amounts expended by way of an involuntary preservation of the property are deductible as ordinary and necessary expenses,” involved expenditures required to protect or restore the normal operating efficiency of property damaged or threatened by relatively sudden external factors, such as storms, falling water level, oil seepage, and underground cave-ins. This case, which involved no such situation, is distinguishable. Decision will he entered for the respondent.